**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

G&E REAL ESTATE INC. d/b/a NEWMARK
GRUBB KNIGHT FRANK,

    Plaintiff

    v.

AVISON YOUNG – WASHINGTON, D.C.,
LLC, *ET AL*.

    Defendant

Civil Action No. 14-cv-418 (CKK)

**ORDER**
(October 8, 2014)

Before the Court is [45] Motion to Dismiss Count X of the First Amended Complaint by Defendants Avison Young – Washington, D.C., LLC; Bruce McNair; Joseph F. Peyton; and David Roehrenbeck. Defendants' motion pertains solely to Count X, a Virginia statutory claim for conspiracy to injure a person in "his reputation, trade, or business" under Virginia Code section 18.2-500. *See* First. Am. Compl. ¶ 121. Because Plaintiff adequately pleaded the elements of Virginia statutory conspiracy in the First Amended Complaint, the Court DENIES the motion.

The Virginia conspiracy statute requires a plaintiff to prove (1) concerted action, *see Simmons v. Miller,* 544 S.E.2d 666, 677 (Va. 2001); (2) legal malice, *id*. at 677; and (3) causally related injury, *Schlegel v. Bank of Am., N.A.*, 505 F. Supp. 2d 321, 325 (W.D. Va. 2007), *aff'd sub nom. Schlegel v. Bank of Am., NA*, 258 F. App'x 543 (4th Cir. 2007). In other words, "the plaintiff must prove (1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business, and (2) resulting damage to plaintiff." *Allen Realty Corp. v. Holbert*, 318 S.E.2d 592, 596 (Va. 1984). However, "[i]t is not necessary for a plaintiff to prove that the defendant conspirators acted with actual malice, i.e., ill-will, hatred, or spite

1

directed toward the plaintiff." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317 (2014) (citing *Commercial Bus. Sys., Inc. v. BellSouth Servs.*, 453 S.E.2d 261, 266–67 (1995)). "Rather, a plaintiff must establish by clear and convincing evidence only that the conspirators acted with legal malice, i.e., 'intentionally, purposely, and without lawful justification.'" *Id.* (quoting Commercial Bus. Sys., Inc., 453 S.E.2d at 267). *Accord Northern Va. Real Estate v. Martins*, 283 Va. 86, 110, 720 S.E.2d 121, 133 (2012).

The parties primarily contest whether Plaintiff has adequately alleged that Defendant acted with "legal malice." The Court concludes that Plaintiff has adequately alleged that Defendants have acted with the requisite "legal malice," that is, acted "intentionally, purposely, and without lawful justification." *Dunlap*, 754 S.E.2d at 317. Plaintiffs have alleged sufficient facts that show that each Defendant acted "intentionally" and "purposely." *See generally* First Am. Compl. Indeed, there is no serious dispute as to that point. Plaintiff have also adequately alleged that each defendant has acted without lawful justification. With respect to each of the four Defendants, Plaintiff has adequately alleged tortious interference with 2011 "Exclusive Tenant Representation Agreement." *See* First Am. Compl ¶¶ 66-73; *Dunlap*, 754 S.E.2d at 319 ("[W]e hold that tortious interference with contract and tortious interference with business expectancy each constitute the requisite 'unlawful act' to proceed on a business conspiracy claim"). Plaintiff also adequately alleged that McNair and Roehrenbeck also breached their fiduciary duties towards plaintiff. *See id.* ¶¶ 102-11; *Dunlap*, 754 S.E.2d. at 319 (citing *Simmons*, 544 S.E.2d at 676-77) (breach of fiduciary duties "unlawful act" with respect to conspiracy statute). Lastly, Plaintiff adequately alleged that Avison Young, Roehrenbeck, and McNair misappropriated trade secrets in violation of Virginia Code § 59.1-336 *et seq*. *See id.* ¶¶ 112-121; *cf. Dunlap*, 754 S.E.2d at 318 ("duty . . . imposed extrinsically by statute" sufficient to satisfy

"unlawful act" requirement). Together these allegations show that Plaintiff has adequately alleged that each of the Defendants has acted with "legal malice."

Plaintiff has also adequately alleged the other elements of Virginia statutory conspiracy. First, Plaintiff adequately alleged that the defendants have acts in concert. *See, e.g.*, First Am. Compl. ¶¶ 44, 45, 50, 51, 126, 133, 135, 142. Second, Plaintiff adequately alleged that Defendants' actions were the cause of the injury to Plaintiff, depriving it of the real estate commission at issue in this action. See, e.g., First Am. Compl. ¶¶ 55-57.

Plaintiff has alleged sufficient facts to state a claim for statutory conspiracy pursuant to Virginia Code section 18.2-500. Accordingly, it is, this 8th day of October, 2014, hereby **ORDERED** that the [45] Motion to Dismiss Count X is **DENIED**.

**SO ORDERED.**

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge