UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

G&E REAL ESTATE, INC.,
    Plaintiff

v.

AVISON YOUNG–WASHINGTON, D.C., LLC, *et al.*,
    Defendants

Civil Action No. 14-418 (CKK)

**MEMORANDUM OPINION and ORDER**
(August 18, 2016)

Before the Court is Plaintiff's [144] Motion for Reconsideration. Plaintiff seeks reconsideration of the Court's Order dated February 26, 2016, to the extent that the Court granted summary judgment to Defendants on the breach of contract claim against Defendant Analytic Services ("ANSER") (Count I) and the tortious interference with contract claim against the Avison Young Defendants (Count II). Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court concludes Plaintiff has provided no basis for the Court to reconsider its Order granting summary judgment to Defendants on Count I and Count II of the operative complaint. Accordingly, Plaintiff's [144] Motion for Reconsideration is DENIED.

**I. BACKGROUND**

The Court presented the background of this case at length in its Memorandum Opinion accompanying the Order resolving Defendants' motions for summary judgment. *See generally*

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Mot. for Reconsideration ("Pl.'s Mot."), ECF No. 144;
- Avison Young Defs.' Mem. in Opp'n to Pl.'s Mot., ECF No. 145;
- Opp'n of Def. Analytic Services, Inc., to Pl.'s Mot., ECF No. 146;
- Pl.'s Reply Mem. in Further Supp. of its Mot. ("Pl.'s Reply"), ECF No. 147.

1

*G&E Real Estate, Inc. v. Avison Young-Washington*, D.C., LLC, No. CV 14-418 (CKK), 2016 WL 777908, at *2-*3 (D.D.C. Feb. 26, 2016); *see also id.* at *4-*11 (discussion of contract-related claims). Given the limited scope of the issues presented in the pending motion, there is no need to do so again here. Instead, the Court reserves a presentation of any relevant background for the issues discussed below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. D.C.*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.,* 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.' " *Cobell v. Norton,* 355 F. Supp. 2d 531, 540 (D.D.C. 2005). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta,* 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Zeigler v. Potter,* 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

## III. DISCUSSION

As the basis for Plaintiff's Motion for Reconsideration, Plaintiff argues that there was a clear error of law in the Court's original Memorandum Opinion accompanying the Order

resolving Defendants' motions for summary judgment.[2] Because Plaintiff never presented the arguments that are the basis for its Motion for Reconsideration in opposing summary judgment, in the first instance, the Court declines to exercise its discretion to reconsider its previous decision.

With respect to the claims at issue in the Motion for Reconsideration, the Court previously outlined the parties' arguments in the briefing on the motions for summary judgment as follows:

> ANSER argues that the Tenant Representation Agreement was an executory contract with respect to the bankruptcy proceeding and that it was never assumed by the bankruptcy estate or assigned to BGC. Because the Tenant Representation Agreement was executory but was not assumed or assigned, ANSER argues, BGC had no stake in the contract that it could assign to Plaintiff G&E. Plaintiff responds that ANSER had materially breached the Tenant Representation Agreement prior to the filing of the bankruptcy petition and that, therefore, the contract could not be assumed or assigned through the bankruptcy process. Instead, the breach of contract claim, they argue, was assigned to BGC along with other such claims through the bankruptcy process. ANSER responds that there was no material breach of the Tenant Representation Agreement prior to the bankruptcy petition and that, even if there were such a breach, that it would not be sufficient to render the Agreement non-executory because the agreement was not terminated at that time. In essence, this amounts to a dispute about (1) whether Plaintiff has identified sufficient evidence of a relevant material breach to require factual resolution by a jury and (2) whether, legally, a material breach without any attempt to terminate is sufficient to render a contract non-executory.

*G&E I*, 2016 WL 777908 at * 5.

In other words, as relevant here, Defendants argued that BGC—the entity from which Plaintiff purports to trace the claims at issue in the pending Motion for Reconsideration—had no stake in the underlying contract that it could subsequently assign to Plaintiff. Plaintiff presented only *one* legal theory in response: that Defendants had breached the contract *prior to* the

---

[2] Plaintiff does not present any other basis for a motion for reconsideration, such as an intervening change of law or the discovery of new evidence. *See Stewart*, 876 F. Supp. 2d. at 177.

February 20, 2012, bankruptcy petition. *See G&E I*, 2016 WL 777908, at *10 ("Plaintiff responds that the contract was materially breached prior to the bankruptcy petition and that the associated claims, therefore, were properly assigned to BGC and then to Plaintiff."); *see also*, *e.g.*, Pl.'s Opp'n to ANSER'S Mot. for Summary Judgment, ECF No. 128, at 14 ("Plaintiff was not required to assume the Brokerage Agreement pursuant to Section 365 of the Bankruptcy Code because the Agreement had already been breached"); *id.* at 14-15 ("A contract that has terminated or expired prior to the filing of a bankruptcy petition is no longer executory. … Because the Brokerage Agreement had been breached and was therefore terminated prior to G&E's bankruptcy petition, there was nothing left to assume.").Therefore, Plaintiff argued that the Tenant Representation Agreement was no longer executory as of the bankruptcy petition, and the contract and tortious interference claims were assigned to BGC during the bankruptcy proceedings. The factual predicate for this argument—the sole argument presented—was necessarily limited to events that occurred *prior* to the bankruptcy petition. *See G&E I*, 2016 WL 777908, at *6 (quoting Pl.'s Opp'n to ANSER's Mot., ECF No. 128, at 16-17, 18-19).

The Court resolved the motions for summary judgment on the basis of the record then before the Court. The only legal theory—and associated factual predicate—proffered by Plaintiff as to how BGC had obtained contract claims that it could, in turn, assign to Plaintiff was that of a pre-petition breach of contract. The Court thoroughly analyzed the record and concluded that there was no breach of contract prior to the bankruptcy petition. *Id.* at *8.[3] Accordingly, the Court concluded that the Tenant Representation Agreement was executory at the time of the

---

[3] Plaintiff does not now contest the Court's conclusion that there was no pre-petition breach of contract. Pl.'s Mot. at 7 n.4 ("Although G&E Real Estate contended that ANSER had materially breached the Tenant Representation Agreement before Grubb & Ellis filed for bankruptcy on February 20, 2012, the Court held otherwise, and G&E Real Estate does not contest that finding here.").

bankruptcy petition. Because the pre-petition breach was the *only* basis Plaintiff identified for BGC having obtained a stake in the contract claim (which would allow it to survive summary judgment), and because the record did not show a pre-petition breach, the Court concluded that BGC had not acquired any stake in the contract claim. Because BGC never acquired a stake that could be subsequently assigned to Plaintiff, Plaintiff has no stake in the contract claim. Therefore, Plaintiff could not pursue that claim in this action. *Id.* For the same reasons, the Court in addition concluded that Plaintiff had never acquired a tortious inference with contract claim that it could pursue in this litigation. *Id.* at *10. Accordingly, the Court granted summary judgment to Defendants on those claims.

      The Court's analysis and its conclusion was properly limited to the legal theory and factual predicate that were presented by the parties for the Court's consideration. The Court did not reach issues that were not presented by the parties at that time.[4] However, as the basis for its Motion for Reconsideration, Plaintiff presents a wholly new legal theory, with a new factual predicate, as to why Plaintiff's contract-based claims presented in Counts I and II of the operative complaint should have survived Defendants' motions for summary judgment. Specifically, Plaintiff argues that the disputed claims should survive summary judgment because of a post-petition breach of contract.[5] In Plaintiff's present motion, Plaintiff relies solely on a putative breach that occurred on June 11, 2012, several months *after* the February 20, 2012,

---

[4] Even Plaintiff acknowledges that that, in resolving Defendants' motions for summary judgment, "the Court followed the parties' primary focus on the pre-petition events." Pl.'s Mot. at 5.

[5] Plaintiff never claims that this theory was presented to the Court in the original briefing on the motions for summary judgment. *See id.* at 7 n.4 (explaining that Plaintiff had previously relied on a *pre*-petition breach).

filing of the bankruptcy petition. *See* Pl.'s Mot. at 14-15. Plaintiff argues that, as a result of the alleged June 2012 breach, its claims should survive summary judgment.[6]

The legal theory on which Plaintiff now relies—that of a post-petition breach allows the claims to survive summary judgment—and the associated factual predicate were never presented to the Court in opposing Defendants' motions for summary judgment.[7] Because this theory was not presented to the Court, the Court did not commit clear legal error in failing to address the *new* arguments that Plaintiff now presents. Plaintiff's new theory is based on an entirely different factual predicate (a *post*-petition breach) than the one on which Plaintiff relied in opposing the motions for summary judgment (a *pre*-petition breach). As a result, the Court's failure to consider a theory and a factual predicate that were not placed before it does not constitute legal error, let alone the type of clear legal error that warrants the Court's exercise of its discretion to reconsider its prior decision.

In addition, Plaintiff argues that the Court's prior legal analysis was in error because it failed to address several related legal principles. Specifically, Plaintiff now argues for the *first* time that a rejection of a contract in bankruptcy is considered a breach before the date of the petition, rather than a termination. *See* Pl.'s Mot. at 7-9. Plaintiff also argues for the *first* time that whether or not a contract claim by a debtor exists is a matter of state contract law, rather than of federal bankruptcy law. *See id.* at 10-11. Similarly, Plaintiff argues for the *first* time that a

---

[6] Notably, the Plaintiff's legal theory and the associated factual predicate evolved yet again in its reply in support of its Motion for Reconsideration. In its reply, Plaintiff *only* relies on breaches that it claims occurred on February 27, 2012; February 29, 2012; and April 4, 2012, rather than the alleged June 2012 breach identified in the Motion for Reconsideration itself. *See* Pl.'s Reply at 9. But it is too late to raise a new argument in a reply brief that could have been raised in the original motion.

[7] Nor is that there anything to justify the failure to present those arguments at that time. The Court notes that Plaintiff was represented by able counsel throughout these proceedings.

debtor—or its assignees—may pursue a contract claim even for a rejected contract because a breach by a *non-debtor* would make the assumption of the contract futile. *See id.* at 12-14. Plaintiff argues that the Court erred in failing to address these and related legal principles in resolving the motions for summary judgment. The Court disagrees. As to each of these areas of law that Plaintiff now highlights, there was no need for the Court to address them in considering Defendants' motions for summary judgment. As explained above, Plaintiff presented a single theory as to how BGC acquired a stake in the contract-related claims—a pre-petition breach. The Court properly resolved the motions for summary judgment on that basis. The Court had no occasion to address the several legal propositions that Plaintiff now emphasizes because Plaintiff had not raised them. Moreover, these legal arguments were not raised by implication by Plaintiff's sole theory as to how the claims survived summary judgment—that of a pre-petition breach. Accordingly, the Court did not commit clear legal error in resolving the motions for summary judgment.

      Nor is there any reason to address, now, the merits of the legal propositions raised by Plaintiff for the first time in the Motion for Reconsideration. Plaintiff failed to raise those issues in opposing summary judgment, and it is too late to do so now. In particular, the Court notes that there has never been full briefing on these issues because of Plaintiff's own choice not to raise them in opposing the motions for summary judgment.

      In sum, the Court resolved Defendants' motions for summary judgment based on the arguments and factual predicate presented to the Court at that time. Plaintiff now raises new arguments that were never before presented. The Court had no occasion to reach these not-yet presented arguments in resolving Defendants' motions for summary judgment. The Court, therefore, will not exercise its discretion to consider for the first time arguments that Plaintiff

failed to place before the Court in opposing summary judgment. In addition, insofar as Plaintiff now attempts to re-litigate any issues that were, in fact, presented in the parties' prior briefing on Defendants' motions for summary judgment, the Court sees no basis to reconsider its prior analysis with respect to any such issues. Accordingly, the Court's original Order resolving the Motions for Summary Judgment stands, in full, for the reasons previously stated in its thorough Memorandum Opinion.

### IV. CONCLUSION and ORDER

For the foregoing reasons, as well as the reasons stated in the [138] Memorandum Opinion issued in this case on February 26, 2016—which the Court fully incorporates and makes part of this Memorandum Opinion and Order—it is hereby **ORDERED** that Plaintiff's [144] Motion for Reconsideration is DENIED.

The Court will issue a separate Order scheduling a Status Conference to discuss further proceedings in this case.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge