UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| G&E REAL ESTATE, INC.,<br>    Plaintiff,<br>v.<br>AVISON YOUNG–WASHINGTON, D.C., LLC, *et al.*,<br>    Defendants. | Civil Action No. 14-418 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(October 18, 2017)

Pending before the Court is Defendants' Motion for Sanctions, ECF No. 168 ("Sanctions Mot."). That motion concerns the belated production of approximately 16,000 emails from the mailbox of Defendant Bruce McNair (the "McNair Emails"), which were stored on a computer server previously owned and operated by non-party Grubb & Ellis. Having reviewed the pleadings,[1] the relevant legal authorities, and the record for purposes of the pending motion, the Court finds that the sanctions sought by Defendants are not appropriate. Nonetheless, given the belated production of indisputably relevant materials, the Court shall reopen the discovery period in this matter, so that the parties may engage in any additional discovery and motion practice that is reasonably necessitated by the new materials. Accordingly, the Court shall **DENY** the Motion

---

[1] The Court's consideration has focused on the following documents, and attached exhibits and declarations:

- Defs.' Mem. in Supp. of Mot. for Discovery Sanctions, ECF No. 168-2 ("Def.'s Mem.");
- Pl.'s Brief in Opp'n to Defs.' Mot. for Sanctions and in Supp. of Pl.'s Cross-Motion for Leave to Supplement Trial Exhibits, ECF No. 171-2 ("Pl.'s Mem.");
- Defs.' Reply in Supp. of Mot. for Discovery Sanctions and Opp'n to Cross Mot. to Supplement, ECF No. 175 ("Defs.' Reply Mem.");
- Pl.'s Reply in Supp. of Cross-Mot. for Leave to Supplement Trial Exhibits, ECF No. 181 ("Pl.'s Reply Mem.").

1

for Sanctions, ECF No. 168, and shall **DENY WITHOUT PREJUDICE** any pending motions related to the pretrial phase of this case.

## BACKGROUND

In October 2014, then Plaintiff's counsel Saul Ewing extracted and reviewed the 16,000 McNair Emails, and produced 458 emails on October 24, 2014 which it deemed responsive to Defendants' discovery requests. Gill Decl. ¶ 7. A Revised Joint Discovery Plan filed on October 10, 2014, ECF No. 100, states the following:

> *Plaintiff has just obtained electronic documents which appear to consist primarily of emails and email attachments in .pst form. These are being processed for production in this case. Plaintiff expects to produce these documents by October 17, 2014.* Plaintiff contends it obtained the claims in this case as part of the assets of the real estate brokerage firm Grubb & Ellis in the context of Grubb & Ellis's bankruptcy. Grubb & Ellis is no longer a going concern. *Plaintiff further contends that obtaining electronic data which belonged to Grubb & Ellis presents special challenges because that data is not readily retrievable.* Plaintiff is in the process of confirming that no further document production is expected, but cannot know that until approximately October 17, 2014. Only after Plaintiff represents to Defendants that it has completed its document production will Defendants be in a position to evaluate the document production and pose any challenges thereto, including the possible need for additional efforts to retrieve and produce Grubb & Ellis documents that Plaintiff contends it is having difficulty locating and/or producing.

(Emphasis added.) According to Plaintiff, the first italicized portion of this paragraph refers to the McNair Emails, of which 458 were produced, while the second italicized portion refers to other electronic data. Gill Decl. ¶¶ 10–11. Following the production of the 458 McNair Emails, Defendants did not move to compel, and the issue laid dormant until the parties began their pretrial preparations. The discovery period closed on February 10, 2015. Minute Order (Dec. 8, 2014).

In March 2017, an associate with Plaintiff's current counsel, Nixon Peabody, sent an email to an associate with Saul Ewing asking whether Nixon Peabody had received all of the documents that had been produced in this case. Kurow Decl. ¶ 5. In response, the Nixon Peabody associate received a production log that included an entry described as "McNair Emails," and which was

2

dated October 6, 2014. *Id*. ¶ 10. The party associated with the log entry was "McNair." *Id*. According to the Nixon Peabody associate, she was advised by the Saul Ewing associate that the production log was an accurate representation of the materials produced in this litigation. *Id*. ¶ 11.

On March 31, 2017, Plaintiff's counsel sent a letter to Defense counsel stating that certain documents "produced by Bruce McNair . . . were turned over in native format only and were never imaged and labeled with any sort of document identifiers[,]" and proposed an identifier for "Bruce McNair's production totaling 16,410 documents . . . ." Sanctions Mot., Ex. 2. On April 3, 2017, Plaintiff's counsel reiterated "that these are documents previously produced by the parties other than Plaintiff, including Bruce McNair . . . ." *Id*., Ex. 3. These documents were sent to Defense counsel on April 12, 2017. Kurow Decl. ¶ 16. On April 20, 2017, Defense counsel informed Plaintiff's counsel that "it would appear that the documents recently bates labeled and produced to us . . . significantly exceed the volume of documents produced in this case as a whole." Sanctions Mot., Ex. 4. This discrepancy was explained by Plaintiff's counsel two weeks later via email:

> We have determined after our conversation with you that there were approximately 16,000 emails labeled "McNair Emails" that Saul Ewing improperly included on the Plaintiff's production log. The production log indicated that the emails had been produced by McNair. Upon further investigation, we have determined that the emails were not produced by McNair and that approximately 458 emails were included in the Grubb & Ellis October 24, 2014 production. It is unclear why Saul Ewing did not produce any other emails from this collection. In any event, we have provided you with the entire universe of emails that the client originally provided to Saul Ewing. Given that the information we were provided originally was incorrect, Plaintiff is willing to reproduce those emails with a corrected Bates-label identifying Grubb & Ellis as the source. Please advise if you would like us to re-label these documents. Subject to court approval, Plaintiff intends to use certain of these emails as indicated on the exhibit list that has been provided to you.

*Id*., Ex. 8; *see also* Ex. 9, at 8–9 (in response to Defendants' objections to the pre-trial statement, providing the same explanation for the non-production of the 16,000 McNair Emails).

3

Separately, beginning in March 2017, Plaintiff's parent company produced 32,000 documents in a related action in the District of Columbia Superior Court (the "Superior Court Documents"), Solis Decl. ¶¶ 10–12, which Defendants contend are "in large part [from] the Grubb & Ellis e-mail server . . . [,]" Defs.' Mem. at 11. According to Plaintiff, in "reviewing and processing the productions in the Superior-Court Litigation, it became apparent to Nixon Peabody that documents that were produced, or were going to be produced, to the defendants in that case had not been produced in this case." Solis Decl. ¶ 13. Nixon Peabody has since provided the unproduced Superior Court Documents to Defendants in this case. *Id*. ¶ 14.

Plaintiff seeks to use as trial exhibits 15 of the previously unproduced McNair Emails; 17 of the previously unproduced Superior Court Documents; as well as attachments to a previously produced email from Defendant Roehrenbeck that were not themselves produced; and a Grubb & Ellis "employee handbook." Pl.'s Mem. at 9–10.

## **DISCUSSION**

Defendants pursue sanctions pursuant to Federal Rules of Civil Procedure 37(b)(2) and 37(c)(1), as well as the Court's "inherent power to protect its integrity and prevent abuses of the judicial process." Defs.' Mem. at 15, 19 (citing *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (internal quotation marks and alteration omitted)). Under Rule 37(b)(2), Defendants seek the ultimate sanction of dismissal, while pursuant to Rule 37(c)(1), they seek the exclusion from trial of the belatedly produced materials. In the Court's view, neither sanction is appropriate under the factual circumstances recited above.

First, as a technical matter, Defendants may not obtain the sanction they seek pursuant to Rule 37(b)(2) because the application of that rule is triggered only by the violation of a discovery order. Fed. R. Civ. P. 37(b)(2)(A); *Webb*, 146 F.3d at 972 n.16 ("authority to impose sanctions

under Rule 37(b)(2) is triggered only by the violation of a production order issued by the district court"). Furthermore, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has cautioned that "dismissal is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions." *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995) (internal quotation marks omitted). To justify the sanction, the Court "not only must find clear and convincing evidence of misconduct but also must provide a specific, reasoned explanation for rejecting lesser sanctions, such as fines, attorneys' fees, or adverse evidentiary rulings." *Id.*; *see also Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 4 (D.C. Cir. 2015) (severe sanction like default judgment "is inappropriate unless the litigant's misconduct is accompanied by willfulness, bad faith, or fault" (internal quotation marks omitted)).

Here, the very notion that Plaintiff engaged in purposeful misconduct with respect to the McNair Emails is belied by the reality that Plaintiff *inadvertently* produced the 16,000 McNair Emails. The paper trail associated with this production strongly suggests that Plaintiff's counsel simply erred in its determination that the 16,000 McNair Emails were previously produced, and only after the emails were out in the open, did Plaintiff's counsel realize their mistake in not producing them earlier. There is no "clear and convincing evidence" that Plaintiff sought to hide these emails, or to engage in any other type of misconduct with respect to the emails that could warrant the sanction of dismissal. Indeed, the record suggests that Defense counsel was aware that additional emails may exist on the Grubb & Ellis server in addition to the 458 that were produced in October 2014, but chose not to pursue the issue until the 16,000 McNair Emails were inadvertently produced by Plaintiff's counsel in April 2017.

This leaves Defendants' request for sanctions pursuant to Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In turn, Rule 26(e)(1) provides that "[a] party . . . who has responded to an interrogatory, request for production, or request for admission . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Under Rule 37(c)(1), the "sanction of preclusion is 'automatic and mandatory' unless the party can show that the failure to disclose was 'either substantially justified or harmless.'" *Armenian Assembly of Am., Inc. v. Cafesjian*, 746 F. Supp. 2d 55, 66 (D.D.C. 2010) (Kollar-Kotelly, J.) (citing *Walls v. Paulson*, 250 F.R.D. 48, 53–54 (D.D.C. 2008)).

To succeed, Defendants' request pursuant to Rule 37(c)(1) must overcome several technical hurdles. First, Defendants must show that they were "not otherwise made known" of the McNair Emails in earlier stages of this litigation. Otherwise, Plaintiff did not fail to comply with Rule 26(e), and is not subject to sanctions for that failure under Rule 37(c)(1). This may have proved a difficult challenge, given the record evidence that Defendants were aware of the Grubb & Ellis emails, and did not push for additional productions from that data source. *See Elion v. Jackson*, 544 F. Supp. 2d 1, 10 n.9 (D.D.C. 2008) (finding witness's testimony admissible because the witness's name had been provided in response to an interrogatory, thereby putting the opposing party "on notice that [she] had discoverable information"). Furthermore, Rule 26(e) only requires supplemental disclosure "in a timely manner . . . ." Here, the record suggests that Plaintiff's former

6

counsel, Saul Ewing, made one set of relevancy determinations with respect to the McNair Emails, while Plaintiff's subsequent counsel, upon reviewing the documents, determined that additional materials were responsive to Defendants' discovery requests. Contemporaneously with this subsequent determination, Plaintiff produced the entire volume of the McNair Emails, thereby supplementing its prior disclosures.

Ultimately, whether Defendants could overcome these hurdles is an issue that the Court leaves undecided. Given the indisputable fact that additional relevant materials have been produced by Plaintiff after the close of the discovery period, the Court finds good cause for reopening discovery in this case. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see Watt v. All Clear Bus. Sols., LLC*, 840 F. Supp. 2d 324, 326 (D.D.C. 2012) ("Whether to reopen discovery is committed to the sound discretion of the trial court." (internal quotation marks and alterations omitted)). This will serve to nullify the prejudices Defendants perceive to have resulted from the delayed production of the 16,000 McNair Emails: the inability to conduct discovery based on the emails and to use the emails and related discovery to support their motion for summary judgment. Defs.' Mem. at 16–17. Consequently, any failure to supplement will be rendered harmless, and sanctions are inappropriate pursuant to Rule 37(c)(1). Fed. R. Civ. P. 37(c)(1) (sanctions must be imposed "unless the failure was substantially justified or is harmless"); *see also Burns v. Georgetown Univ. Med. Ctr.*, 106 F. Supp. 3d 238, 242 (D.D.C. 2015)[2] (Kollar-Kotelly, J.) ("Plaintiff can cure the harm caused by the inadequate disclosures by promptly providing the two additional witnesses for depositions at this point, as well as by responding to any interrogatories with respect to these witnesses."); *SD3, LLC*

---

[2] This decision is unaffected by the D.C. Circuit's recent ruling in *Burns v. Levy*, --- F.3d ----, No. 16-7103, 2017 WL 4557243 (D.C. Cir. Oct. 13, 2017).

*v. Rea*, 71 F. Supp. 3d 189, 194 (D.D.C. 2014) ("Another key consideration in determining the prejudicial impact of the late disclosure [for purposes of Rule 37(c)(1)] is whether discovery can be briefly reopened to allow the opposing party to depose the expert in response to the supplement."). Plaintiff concedes that additional discovery is an appropriate cure for its belated production of the McNair Emails. Pl.'s Mem. at 17 ("If the Court permits, the Defendants may conduct limited additional depositions.").

Accordingly, the Court shall reopen discovery, which shall serve to cure the harms Defendants have allegedly suffered as a result of the belated production, and which obviates the need to impose any sanctions for the late production.

## **CONCLUSION AND ORDER**

For the foregoing reasons, the Court **DENIES** the Motion for Sanctions, ECF No. 168, and **DENIES WITHOUT PREJUDICE** any pending motions related to the pretrial phase of this case.

In particular, the following motions are **DENIED WITHOUT PREJUDCE**: ECF No. 170 (Motion to Strike); ECF No. 171 (Cross-Motion for Leave to Supplement Trial Exhibits); ECF Nos. 186–194 (Motions in Limine).

The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter*, ECF No. 182. Plaintiff may renew this motion before the close of the reopened discovery period, and the parties should include as part of their discovery plan a schedule for briefing the motion to amend (to the extent this remains a contested issue, in light of this Memorandum Opinion and Order).

The motions for leave to file documents under seal with docket numbers ECF No. 172, ECF No. 178, and ECF No. 204, are **GRANTED**, as the affected documents are confidential pursuant to the terms of a protective order in the related Superior Court Litigation.

8

The Court **GRANTS** Plaintiff's Motion for Leave to File Exhibit A to Declaration of Christina E. Kurow *Instanter*, ECF No. 174, as this merely corrects a prior filling error.

By **NOVEMBER 24, 2017**, the parties shall file a Joint Discovery Plan setting forth their positions on what additional discovery is required, proposing a discovery schedule, and indicating whether additional dispositive motion practice is appropriate.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge