# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

G&E REAL ESTATE, INC.,

    Plaintiff,

v.

BRUCE B. MCNAIR and DAVID ROEHRENBECK,[1]

    Defendants.

Civil Action No. 14-418 (CKK)

**MEMORANDUM OPINION**
(February 27, 2020)

Pending before the Court are Defendants Bruce B. McNair and David Roehrenbeck's Motion for Summary Judgment, ECF No. 247, and Plaintiff G&E Real Estate, Inc.'s ("G&E") Motion for Leave to File Exhibits Under Seal, ECF No. 249 (Sealed). Upon consideration of the briefing,[2] relevant legal authorities, and the relevant record, and in light of certain arguments raised in Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, ECF No. 252, the Court shall allow G&E to file a sur-reply on a specific, narrow issue as outlined below to ensure that issue is fully briefed. In the meantime, the Court shall **HOLD IN ABEYANCE** Defendants' Motion for Summary Judgment. Moreover, upon consideration of the

---

[1] The Court adjusts the caption here to reflect that Plaintiff's remaining claims are only against Defendants Bruce B. McNair and David Roehrenbeck.

[2] The Court's consideration has focused on the following:
- Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. 247;
- Defs. Stmt. of Material Facts Not in Dispute ("Defs.' Stmt."), ECF No. 247-2;
- Pl.'s Resp. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n"), ECF No. 250;
- Pl.'s (1) Resp. to Defs.' Stmt. of Material Facts Not in Dispute, and (2) Stmt. of Add'l Material Facts in Genuine Dispute, in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Stmt."), ECF No. 250-1;
- Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Defs.' Reply"), ECF No. 252; and
- Defs.' Resp. to Pl.'s Stmt. of Additional Material Facts in Genuine Dispute, ECF No. 252-1.

1

briefing,[3] the relevant legal authorities, and the present record, the Court **GRANTS** G&E's Motion for Leave to File Exhibits Under Seal.

## I. BACKGROUND

The Court previously summarized the background to this case in its earlier resolution of motions for summary judgment, *see G&E Real Estate, Inc. v. Avision Young–Washington, D.C., LLC*, 168 F. Supp. 3d 147, 151–52 (D.D.C. 2016) ("*G&E I*"), ECF No. 138, and a motion to amend the complaint, *see G&E Real Estate, Inc. v. Avision Young–Washington, D.C.*, LLC, 2018 WL 4680199, at *1–*2 (D.D.C. Sept. 28, 2018) ("*G&E II*"), ECF No. 221, to which it refers the reader. The Court summarizes a few key procedural developments here. The Court earlier granted summary judgment on several claims in this case, leaving G&E with three remaining claims: a breach of contract claim against McNair, a breach of fiduciary duty claim against McNair, and a breach of contract claim against Roehrenbeck. *See G&E I*, 168 F. Supp. 3d at 168–69.

The Court subsequently allowed Plaintiff to amend its complaint, resulting in the Second Amended Complaint, ECF No. 230. *See G&E II*, 2018 WL 4680199, at *7. Then, at the status hearing held on May 17, 2019, Defendants requested leave to file a second summary judgment motion based on allegations in the Second Amended Complaint. *See* May 17, 2019 Status Hearing Tr., ECF No. 248, at 3:24–7:6. The Court granted Defendants leave to file over G&E's objection and set a briefing schedule. *See id.* at 7:24–8:5; May 20, 2019 Scheduling and Procedures Order,

---

[3] The Court's consideration has focused on the following:
- Pl.'s Mot. for Leave to File Exs. under Seal ("Pl.'s Mot. to Seal"), ECF No. 249 (Sealed);
- Defs.' Resp. to Pl.'s Mot. for Leave to File Exs. under Seal ("Defs.' Opp'n to Mot. to Seal"), ECF No. 251; and
- Pl.'s Reply in Support of Mot. for Leave to File Exs. under Seal ("Pl.'s Reply"), ECF No. 253.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

ECF No. 244. Defendants have since filed the instant Motion for Summary Judgment, ECF No. 247, which G&E opposes.

## II. LEGAL STANDARD

A. Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (A) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (B) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in her favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249–50 (internal citations omitted).

B. Motion to Seal

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316–17 (D.C. Cir. 1981) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599). In this Circuit, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard*, the D.C. Circuit identified six factors that might act to overcome this presumption:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

4

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22). Accordingly, the Court considers each of these factors in the relevant analysis below.

### III. DISCUSSION

The Court first discusses Defendants' Motion for Summary Judgment before turning to Plaintiff's Motion for Leave to File Exhibits Under Seal.

A. Motion for Summary Judgment

Defendants' Motion for Summary Judgment advances several arguments why summary judgment should be granted in favor of Defendants on G&E's remaining claims. In this Memorandum Opinion, the Court is concerned with one particular set of arguments involving whether certain rights underlying the remaining claims were properly assigned to G&E.

Some additional background is necessary to understand these arguments. The Court presents this background in the light most favorable to G&E, the non-moving party, as the Court must in considering motions for summary judgment. Defendants McNair and Roehrenbeck originally worked for a real estate company called Grubb & Ellis. Defs.' Stmt., ECF No. 247-2, at ¶¶ C–D; Pl.'s Stmt., ECF No. 250–1, at ¶¶ C–D, 27, 33–34. On February 13, 2012, McNair and Roehrenbeck resigned from Grub & Ellis. Defs.' Stmt. ¶¶ C–D, X; Pl.'s Stmt. ¶¶ X, 1, 80.

Subsequently, on February 20, 2012, Grub & Ellis filed for bankruptcy relief in the United States Bankruptcy Court for the Southern District of New York. Defs.' Stmt. ¶ Z; Pl.'s Stmt. ¶ 7. As of April 2012, Grub & Ellis entered into a Second Amended and Restated Asset Purchase Agreement ("Asset Purchase Agreement") with BGC Partners, Inc. ("BGC") under which BGC obtained rights to certain of Grub & Ellis's assets. Pl.'s Stmt. ¶ 8; *see* Defs.' Stmt. ¶ BB. The

assets acquired included all beneficial rights under, and any claims based on or arising in connection with, Grub & Ellis's operations. Pl.'s Stmt. ¶¶ 9–13; *see* Defs.' Stmt. ¶ BB. G&E further claims that BGC assigned "the right" to the ANSER commission to G&E. Pl.'s Stmt. ¶ 19 (citing Ex. 31, Assignment of Claim).

In light of these facts, one of Defendants' primary arguments in their Motion for Summary Judgment is that BGC never had any rights to the ANSER commission under the Tenant Representation Agreement, and as a result, G&E cannot have been assigned any rights. Defs.' Mot. at 2–3. This, Defendants argue, means that G&E has no basis to seek that portion of the commission as damages. The Court agrees that it previously found that the Tenant Representation Agreement was an executory contract at the time of the bankruptcy petition, and consequently, "that agreement was neither assumed by the bankruptcy estate nor assigned to BGC." *G&E I*, 168 F. Supp. 3d at 160. BGC therefore "had no breach of contract claim that it could have assigned to G&E in the first instance," and the Court granted summary judgment to ANSER on that breach of contract claim. *Id.*

In response to Defendants' arguments, however, G&E clarified its position. G&E, it explained, was not relying on the Tenant Representation Agreement in seeking the commission damages. Instead, it was relying upon McNair's 2006 Employment Agreement with Grub & Ellis, and the breach of fiduciary duty claim, in seeking those damages. Pl.'s Opp'n at 22–23. In another portion of its brief, G&E contends that this Court already held that "BGC properly transferred its interest in the claims it acquired under the [Asset Purchase Agreement] to" G&E. *Id.* at 34. G&E cites to *G&E I* for this proposition. *See id.* (citing "ECF No. 138, 2/26/16 Order, at 16–20").

Defendants respond to this argument in their Reply, arguing that G&E "derived only a small subset of the rights purchased by BGC." Defs.' Reply at 4. The language of the Assignment

of Claim, Defendants contend, only extended to rights arising under the Tenant Representation Agreement. *See id.* Thus G&E has no rights other than those related to the Tenant Representation Agreement, which this Court found was an executory contract at the time of petition and that BGC had no rights under it that it could assign. *See id.* at 4–5. As this does not come to the Court on cross-motions for summary judgment, G&E had no chance to reply to this argument regarding the Assignment of Claim.

The Court finds that further briefing from G&E, the non-moving party, on the assignment issue is necessary. For one, the Court does not agree with G&E that it previously found that BGC transferred these specific rights to G&E in the Assignment of Claim. In *G&E I*, the Court was concerned only with rights assigned to G&E under the Tenant Representation Agreement, and its opinion was limited to that context. *See, e.g.*, *G&E I*, 168 F. Supp. 3d at 159 (specifically discussing assignment of rights to the Tenant Representation Agreement and quoting Assignment of Claim language); *id.* at 160 ("By that date, BGC had assigned Plaintiff G&E claims related to the Tenant Representation Agreement."). As the Court did not address reliance upon any other agreements, it spoke only to the assignment of rights stemming from the Tenant Representation Agreement, and not to any rights stemming from any employment agreements or other rights, such as to the breach of fiduciary duty claim. Accordingly, reliance upon *G&E I* is unavailing.

It is also far from clear that the Assignment of Claim assigned claims aside from those related to the Tenant Representation Agreement to G&E. G&E attached the Assignment of Claim as Exhibit 31 to its Opposition; Defendants admit that this is the Assignment of Claim. *See* Assignment of Claim, ECF No. 250-31; Pl.'s Stmt. ¶ 19; Defs.' Resp. to Pl.'s Stmt. of Add'l Material Facts in Genuine Dispute, ECF No. 252-1, at 7 ¶ 19. The Assignment of Claim contains the following provision:

7

> By their execution of this Agreement, BGC intends to assign its wholly-owned subsidiary, NGKF, **all of G&E's right, title and claim to, interest in, and entitlement to the Commission**, and **all of G&E's right, title and claim to, and interest in, the Agreement** (jointly, the "Assigned Matter"), and NGKF intends to accept the assignment thereof from BGC.

Assignment of Claim, ECF No. 250-31, at ¶ D (emphasis added). The previous paragraph defines the rights obtained by BGC that are being assigned:

> Among the G&E intangible assets purchased by BGC was **all of G&E's right, title and claim to, interest in, and entitlement to receive payment of, the real estate commission** earned in connection with the lease by Vornado/Charles E. Smith, L.P., to Analytic Services, Inc. ("Tenant"), of office space located in the Skyline Technology Center in Falls Church, Virginia (the "Commission"), **pursuant to the written Exclusive Tenant Representation Agreement** dated September 23, 2011, entered into by and between Tenant and G&E (the "Agreement").

*Id.* ¶ C (emphasis added). In other words, the Assignment of Claim specifies that BGC obtained rights to the commission "pursuant to the written Exclusive Tenant Representation Agreement." *Id.* Construing these two provisions together, it is not entirely clear that BGC assigned to G&E any rights outside of those arising from the Tenant Representation Agreement. But because this issue arose in the Opposition and Reply, G&E did not have a chance to respond to Defendants' arguments about the language of the Assignment of Claim.

Accordingly, to ensure this issue is sufficiently briefed, the Court shall allow G&E to file a sur-reply on the following narrow issues: whether and how the rights that G&E seeks to vindicate under the employment agreement(s) and the breach of fiduciary duty claim were assigned to G&E. If G&E intends to rely upon the Assignment of Claim, G&E shall address, with citations to applicable law as appropriate, whether and how the specific language of the Assignment of Claim should be interpreted to have assigned those rights or claims to G&E. In the meantime, the Court shall hold in abeyance Defendants' Motion for Summary Judgment.

B. Motion to Seal

G&E further seeks to file under seal certain exhibits to its briefing and statement of facts related to Defendants' Motion for Summary Judgment. These documents fall into two main categories: (1) documents produced in a related proceeding pending in Illinois and covered by a protective order in that case and (2) documents that Plaintiff has produced in this case that contain confidential business information, some of which has also been produced in a related proceeding in D.C. Superior Court and are covered by a protective order entered in that case. Pl.'s Mot. to Seal at 1.

As to the first category of eighteen documents, G&E seeks leave to file the exhibits under seal to comply with the protective order in the Illinois case and to protect the confidentiality of the documents. *See id.* at 2–3. As to the second category of twelve documents, G&E seeks both to comply with the protective order in the D.C. Superior Court case (for six of the documents) and to protect confidential business information. *See id.* at 3–4. Defendants oppose this Motion, arguing primarily that there is no relevant protective order in this case and that G&E has not treated some of the documents as confidential when producing it to Defendants. *See* Defs.' Opp'n to Mot. to Seal at 1–2. Defendants did not address the factors under *United States v. Hubbard*, as requested by the Court. *See* Aug. 7, 2019 Minute Order. Regardless, the Court agrees with G&E that the factors provided in *Hubbard* favor sealing these documents on the present record.

The first factor is "the need for public access to the documents at issue," and the second is "the extent of previous public access to the documents." *Nat'l Children's Ctr.*, 98 F.3d at 1409. As G&E notes, these documents are related to a private business dispute and the public has not previously had access to these documents. Defendants do not offer any reason why there might

be public need for these documents and do not contend that there has been prior public access. These factors therefore weigh in favor of sealing.

The third factor is "the fact that someone has objected to disclosure, and the identity of that person," and the fourth factor is "the strength of any property and privacy interests asserted." *Id.* Here, that person is G&E, the Plaintiff, who is party to protective orders in other disputes that appear to govern their use of the documents. Moreover, G&E has strong privacy interests in the business information contained in the documents. Defendants do not appear to argue otherwise. These factors also weigh in favor of sealing.

The last two factors are "the possibility of prejudice to those opposing disclosure" and "the purposes for which the documents were introduced during the judicial proceedings." *Id.* G&E seeks to include these documents in its opposition to Defendants' Motion for Summary Judgment, in which Defendants seek summary judgment on all of G&E's claims. It is understandably an pivotal motion in the litigation. Moreover, G&E may face prejudice if the information protected by the protective orders were to lose its confidentiality, or simply by revealing certain confidential business information to the public. Defendants do not suggest otherwise. Accordingly, the Court shall grant G&E's Motion and allow G&E to file the exhibits under seal at this juncture. At a later date the documents may need to be filed with redactions.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **HOLD IN ABEYANCE** Defendants' Motion for Summary Judgment pending the sur-reply from G&E. The sur-reply should address the narrow issues identified above. Moreover, the Court shall **GRANT** G&E's Motion for Leave to File Exhibits Under Seal on the present record. As noted above, at a later date the documents may need to be filed with redactions. An appropriate Order accompanies this Memorandum Opinion.

Date:   February 27, 2020                           _____/s/_____
                                                    **COLLEEN KOLLAR-KOTELLY**
                                                    United States District Judge